THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 20, 2017



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In Re: GEORGE L. MORAN JR.  CASE NO. 16-25465-beh
SABRINA L. MORAN  CHAPTER 13
Debtor(s)

ORDER ON THE MOTION OF MOUNT PROSPECT TOWN HOME ASSOCIATION (BOXWOOD)
FOR RELIEF FROM AUTOMATIC STAY

The Court having considered Debtor's Objection to the Motion for Relief from the automatic stay at the hearing on 10/03/2017,

IT IS HEREBY ORDERED: that the Motion for Relief from the Automatic stay is denied, subject to the terms below. The terms are:

1. That the Debtor(s) shall cure the default through September 29, 2017 of $7,136.74, by submitting payment of $198.24 monthly, in addition to the regular monthly assessment, for thirty-six (36) months with the first payment on or before October 1, 2017 and a final payment on or before September 1, 2020.

2. Debtor shall resume post-petition payments outside the Chapter 13 Plan in the amount of $204.00 per month (monthly payment amount may change from time to time in accordance with the terms

of Declaration for the Association), starting with the October 01, 2017 payment. The October 01, 2017 and all future payments must be <u>received</u> on or before the 16th day of each month, **at the following address** (unless Creditor in writing directs the Debtor to deliver payment to a different address):

>	Mount Prospect Town Home Association (Boxwood)
>	c/o Bridget Cepican
>	Associa Chicagoland
>	50 E. Commerce Drive, Suite 110
>	Schaumburg, IL 60173

3.	As additional adequate protection, Debtors agree that a "doomsday provision" shall be effective for a period of six (6) months from, and including, the October 01, 2017 payment and continuing through, and including the March 01, 2017 payment.

4.	Upon failure to timely comply with any aforementioned "doomsday provision," attorney for Creditor may file an Affidavit of Default and proposed Order with the Court (thereby providing electronic notice to attorney for the Debtor), shall promptly mail the Affidavit of Default and proposed Order to the Debtor, and may obtain an Order for the relief sought in Creditor's Motion without further hearing.

5.	As additional Adequate Protection, Creditor (or its principals, successors or assigns) can renew this Motion by letter for the balance of the Chapter 13 Plan term.

6.	The Court will not enforce a "doomsday provision" (but may enforce a letter renewal to which no objection was filed) for any post-petition payment defaults prior to the effective date of this Order. The effective date of this Order is upon entry.

#####